UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

MURPHY J. PAINTER

CRIMINAL ACTION

NO. 12-87-JJB-SCR

## RULING ON MOTIONS *IN LIMINE*

This matter is before the court on the following motions: [1] the Government's Motion (doc. 55) *in Limine* to Admit Defendant's Written Response to OIG Investigative Report, [2] the Government's Motion (doc. 59) *in Limine* to Admit Evidence of Non-Charged Database Inquiries, and [3] the Defendant's Motion (doc. 79) *in Limine* to Bar Introduction of OIG Investigative Report. The Defendant filed Memorandums (docs. 71 & 77) in Opposition to the Government's motions, to which the Government has filed Reply Memorandums (docs. 90 & 93). Additionally, the Government filed a Memorandum (doc. 95) in Response to the Defendant's motion. The court held an evidentiary hearing and oral arguments. For the reasons stated herein, the court: [1] **DENIES** the Government's Motion (doc. 55) *in Limine* to Admit Defendant's Written Response to OIG Investigative Report, [2] **DENIES IN PART** the Government's Motion (doc. 59) *in Limine* to Admit Evidence of Non-Charged Database Inquiries, and [3] **GRANTS** the Defendant's Motion (doc. 79) *in Limine* to Bar Introduction of OIG Investigative Report.

### Background

The indictment in this matter charges the Defendant Murphy Painter with 42 counts of computer fraud, making false statements, and aggravated identity theft resulting from his alleged misuse of computerized criminal history and motor vehicle databases while he was the Commissioner of the Louisiana Office of Alcohol and Tobacco Control (ATC). (Doc. 1).

1

Defendant was authorized to access the databases through the Louisiana Law Enforcement Telecommunications System (LLETS). The Law Enforcement Message Switch (LEMS), which is a computer located in Baton Rouge, Louisiana, provides access to LLETS.

The first 24 counts in the indictment, the "NCIC charges," result from the Defendant's alleged obtaining of criminal history record information from the National Crime Information Center (NCIC), a nationwide computerized information system maintained by the Federal Bureau of Investigation, which contains criminal background information on individuals residing in the United States. The Government alleges Defendant unlawfully conducted eight criminal background inquiries on six different individuals between June 6, 2007 and August 4, 2010, without a criminal justice purpose. The Government alleges that Defendant input purpose code "C" each time he conducted one of these inquiries, thereby falsely representing that he had a criminal justice purpose for the inquiries. The Government alleges that Defendant knowingly transferred, possessed, and used, without lawful authority, the means of identification of the persons on which he conducted these inquiries. The indictment contains three different charges for each of the eight inquiries: computer fraud, making a false statement, and aggravated identity theft. The computer fraud charges constitute counts one through eight, the false statement charges constitute counts nine through 16, and the aggravated identity theft charges constitute counts 17 through 24.

Counts 25 through 42—the "OMV computer fraud counts"—relate to the Defendant's alleged unlawful obtainment of information from the Louisiana Office of Motor Vehicles (OMV) through LLETS. These counts are allegedly the result of 18 inquires of the OMV from June 7, 2007 through January 30, 2010 in order to obtain driver's license information of certain

individuals (the "OMV victims"), without a criminal justice purpose. Defendant is charged with one count of computer fraud for each alleged inquiry.

In a September 17, 2013 ruling, this Court dispensed with multiple motions *in limine* in this matter. (*See* doc. 101). Nevertheless, there were additional motions that still needed to be ruled upon. Due to these pending motions, this Court held an evidentiary hearing and oral arguments on four separate dates: October 24, November 12, November 15, and November 19. The court will deal with these motions seriatim.

**Analysis**

1. <u>Motion *in Limine* to Admit Defendant's Written Response to OIG Report (Doc. 55)</u>

The crux of this motion is whether the responses to the Louisiana Office of State Inspector General (OIG) investigative report—which were submitted by the Defendant's former attorney in an unrelated matter—should be admissible pursuant to Federal Rule of Evidence 801(d)(2). At the hearing on this matter, the Defendant's former attorney, Bernard Boudreaux, Jr., testified that he submitted the responses to the OIG. Nevertheless, Mr. Boudreaux asserted that he never showed the responses to the Defendant prior to their submission. Furthermore, Mr. Boudreaux testified that Defendant never authorized him to submit these responses on his behalf, and that the responses were submitted without the Defendant's knowledge. As neither party has cited to a Fifth Circuit case analyzing this particular issue, the court adopts the reasoning of the Seventh Circuit Court of Appeals in *United States v. Jung*, where the court stated:

> "An attorney may be the agent of his client for purposes of Rule 801(d)(2)(D)." But "[t]he unique nature of the attorney-client relationship . . . demands that a trial court exercise caution in admitting statements that are the product of this relationship." This Court has "caution[ed] the government that it should only offer this sort of evidence in rare cases and when absolutely necessary, in order to avoid impairing the attorney/client relationship, chilling full disclosure by a defendant to his lawyer, and deterring defense counsel from vigorous and legitimate advocacy."

473 F.3d 837, 841 (7th Cir. 2007) (quoting *United States v. Harris*, 914 F.2d 927, 931 (7th Cir. 1990); *United States v. Sanders*, 979 F.2d 87, 92 (7th Cir. 1992)). Based on the testimony and arguments offered, this Court is not convinced that this is a circumstance necessitating the admission of these responses, as the responses were submitted by the Defendant's former attorney in an unrelated civil matter, and they were submitted without the Defendant's review or consent. Accordingly, this Court refuses to allow the admission of the submitted responses to the OIG investigative report.

2. Motion *in Limine* to Admit Evidence of Non-Charged Database Inquiries (Doc. 59)

This court previously suppressed other evidence from the Government regarding non-charged database inquiries allegedly made by the Defendant. (*See* doc. 101). However, this Court still needs to rule on the admissibility of the following pieces of evidence: (1) summary evidence about the inquiries conducted by the Defendant from February 23, 2005 through August 13, 2010; and (2) testimony of ATC workers regarding the Defendant's use of the databases and his directions to ATC employees to conduct inquires for licensing purposes.

    a. **Summary Evidence**

As mentioned in the prior ruling (doc. 101), Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In *United States v. Beechum*, the Fifth Circuit established the two-part test that courts utilize to determine whether to admit extrinsic evidence under Rule 404(b). *See* 582 F.2d 898, 911 (5th Cir. 1978). The two-part test is as follows: "First, it must be

determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." *Id.*

The summary evidence does appear to satisfy the first prong of the Rule 404(b) test, as it does have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* (quoting Fed. R. Evid. 401) (internal quotation marks omitted).

Nevertheless, even if the evidence is relevant, the court must exclude the evidence if it fails to satisfy the Rule 403 balancing test. As the Fifth Circuit in *Beechum* stated, "the central concern of rule 403 is whether the probative value of the evidence sought to be introduced is 'substantially outweighed by the danger of unfair prejudice.'" *Id.* at 913 (quoting Fed. R. Evid. 403). Similar to the prior ruling, this Court finds that the summary evidence's prejudicial effect and danger of unfair prejudice substantially outweighs any probative value. This evidence would do nothing more than inflame the jury and likely lead to a jury verdict for impermissible reasons. Admission of this evidence would substantially increase "[t]he likelihood that the jury will convict the defendant because he is the kind of person who commits this particular type of crime…." *Id.* at 915 n.20. Accordingly, the summary evidence is inadmissible because its prejudicial effect substantially outweighs any minor probative value.

b. **Testimony of ATC Workers**

The court is deferring ruling on the admissibility of testimony from ATC workers until the trial, when it can make individualized admissibility determinations

.

3. <u>Motion *in Limine* to Bar Introduction of OIG Investigative Report (Doc. 79)</u>

Based on testimony from the parties, the court will grant the motion *in limine* to bar the introduction of the OIG investigative report. Nevertheless, the court reserves the right to revisit this ruling if the need arises at a later time.

**Conclusion**

Therefore, [1] the Government's Motion (doc. 55) *in Limine* to Admit Defendant's Written Response to OIG Investigative Report is **DENIED**; [2] the Government's Motion (doc. 59) *in Limine* to Admit Evidence of Non-Charged Database Inquiries is **DENIED IN PART**, as provided above; and [3] the Defendant's Motion (doc. 79) *in Limine* to Bar Introduction of OIG Investigative Report is **GRANTED,** with the stipulation that the court may revisit the matter if the need arises at a later date.

Signed in Baton Rouge, Louisiana, on November 20, 2013.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**